# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | | |
|---|---|---|
| **MARTIN ROBLEDO, JR.** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-61-ADA** |
| | § | |
| | § | |
| **CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC** | § | |
| *Defendant* | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Carrington Mortgage Services, LLC's ("Carrington") motion to dismiss, Dkt. 8, Plaintiff Martin Robledo, Jr.'s motion to remand, Dkt. 12, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny Robledo's motion to remand and grant Carrington's motion to dismiss.

## I.    BACKGROUND

This case arises from foreclosure proceedings. Robledo initially filed his lawsuit in state court, requesting a temporary restraining order prohibiting Carrington from foreclosing on a property for which Robledo is a co-borrower on a reverse-mortgage loan secured by the property. Dkt. 1-1, at 5-10. The state court temporarily restrained Carrington from proceeding with the foreclosure. *Id.* at 80-82. Carrington then

1

removed this case to federal court. Dkt. 1. Robledo has since sought to extend the temporary restraining order issued by the state court. Dkts. 4; 10.

Carrington moved to dismiss, arguing that Robledo failed to plead any substantive claims for relief and thus is not entitled to injunctive relief. Dkt. 8, at 2-4. Robledo responds that he has demonstrated his entitlement to equitable relief, which should be granted before "resolution of jurisdictional questions." Dkt. 11, at 1-4. In reply, Carrington highlights that Robledo has not alleged any causes of action in support of his request for injunctive relief but rather seeks to delay the foreclosure proceedings to allow him time to refinance the at-issue property. Dkt. 15, at 2-3. Robledo then moved to remand based on Carrington's failure to establish that this case meets the amount-in-controversy requirement. Dkt. 12. Carrington responds that it properly removed this case based on the value of the at-issue property. Dkt. 17.

## II.    MOTION TO REMAND

Robledo moved to remand this case to state court, arguing that Carrington failed to show that the amount in controversy exceeds $75,000 since Robledo seeks only temporary relief that does not put the ownership of the property or the validity of Carrington's lien at issue. Dkt. 12, at 2-4. Carrington responds that the amount in controversy is properly determined by the value of the property in cases seeking to prevent foreclosure. Dkt. 17, at 2-5. The undersigned agrees.

"In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the

litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (citation omitted). Carrington thus properly relied on the at-issue property's value—as determined by the tax-assessed value of that property—in alleging that the amount in controversy exceeds the jurisdictional requirement. Dkts. 1, at 3-4; 1-1, at 123-126; *Logan v. Carrington Mortg. Servs., LLC*, No. CV H-22-2355, 2022 WL 4110311, at *4 (S.D. Tex. Sep. 7, 2022) ("A property's value is commonly proven by attaching a county appraisal district's assessment of the property." (cleaned up)). Robledo's motion to remand lacks merit and should be denied.

## III.   MOTION TO DISMISS

In his state-court petition, Robledo asks the Court for temporary equitable relief preventing Carrington from foreclosing on the at-issue property to give Robledo time to refinance the property after resolving a separate issue with the Homeowners' Association that also has an interest in the at-issue property. Dkt. 1-1, at 5-10. Robledo did not allege any causes of action in his petition; nor did he amend his complaint to add any once this case was removed to federal court. *See id.* Carrington moved to dismiss Robledo's case for failing to allege any claims for relief, arguing that Robledo cannot obtain equitable relief without an underlying cause of action. Dkt. 8, at 2-4.

"An injunction is an equitable remedy, not an independent cause of action." *Morrison v. Wells Fargo Bank, N.A.*, No. 4:18-CV-2873, 2019 WL 885701, at *3 (S.D. Tex. Feb. 1, 2019), *R. & R. adopted*, 2019 WL 859781 (S.D. Tex. Feb. 22, 2019)

(citations omitted). To obtain injunctive relief under Texas or federal law, the moving party must show "a substantial likelihood of success on the merits" or a probable right to relief; this standard necessarily requires a valid cause of action. *Zavala v. M&T Tr. Co. for Holders of Securitization Serires 1997-1*, No. SA-11-CV-956-XR, 2012 WL 13029761, at \*2 (W.D. Tex. Jan. 9, 2012) (citation omitted). With no such underlying claim for relief, "the court must dismiss the request for injunctive relief." *Amezcua v. Ocwen Loan Servicing, LLC*, No. 5:14-CV-1018-DAE, 2015 WL 671600, at \*2 (W.D. Tex. Feb. 17, 2015) (citations omitted); *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, \*9 (S.D. Tex. Jan. 24, 2013) ("[A] prayer for injunctive relief, without a cause of action supporting entry of a judgment must be dismissed.").

Here, Robledo does not allege or argue that he asserts any claim for relief against Carrington; instead, he seeks additional time to satisfy the debt owed to Carrington to avoid foreclosure. Dkts. 1-1, at 7-10; 11. Without any claim to support his request for equitable relief, Robledo's request for injunctive relief is without merit. *Barcenas*, 2013 WL 286250, \*9 (dismissing request for injunctive relief because the plaintiffs did not adequately plead any of their substantive legal claims); *Denman v. Wells Fargo Bank, N.A.*, No. 5:13-CV-11-XR, 2013 WL 1866580, at \*2 (W.D. Tex. May 2, 2013) (declining to extend state-court temporary restraining order enjoining foreclosure sale and dismissing case where the plaintiffs failed to assert a cause of action against the defendant). Carrington's motion to dismiss should be granted.

4

## IV.   RECOMMENDATIONS

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Robledo's motion to remand, Dkt. 12. The undersigned **FURTHER RECOMMENDS** that the District Judge **GRANT** Carrington's motion to dismiss, Dkt. 8.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 26, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE